**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SPORT REAL ESTATE MANAGEMENT, LLC a/k/a SPORT REAL ESTATE MGT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN ZURICH INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 21-cv-01183-LKG <br><br> Dated: February 10, 2022 |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

In this civil action, plaintiffs, Sport Real Estate Management, LLC ("Sport Real Estate Management"), Sport Automotive, Inc. ("Sport Automotive"), Sport Chevrolet Company, LLC ("Sport Chevrolet"), Sport Real Estate Mortgage, LLC ("Sport Real Estate Mortgage"), and FFA LLD, bring various breach of contract, negligence, and negligent misrepresentation claims against defendant, American Zurich Insurance Company ("Zurich") related to a fire loss that occurred at their premises. *See generally* Compl., ECF No. 3. Zurich has moved to dismiss this action for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* Def. Mot., ECF No. 9; Def. Mem., ECF No 9-1. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons set forth below, the Court **GRANTS-in-PART** and **DENIES-in-PART** Zurich's motion to dismiss.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

This case involves breach of contract, negligence, and negligent misrepresentation claims arising from a fire loss that occurred at plaintiffs' premises. *See generally* Compl. Specifically, plaintiffs allege that Zurich breached the terms of an insurance policy (the "Zurich Policy") covering certain property used by plaintiffs to operate an automobile sales and service business, and that Zurich and its agents made certain material misrepresentations to induce plaintiffs to purchase the Zurich Policy. *Id*. at ¶¶ 92-169. As relief, plaintiffs seek to recover compensatory damages from Zurich. *Id*.

As background, plaintiffs are engaged in the business of leasing buildings and the sale and service of automobiles in Maryland, and they are the insureds under the Zurich Policy. *Id.* at ¶¶ 1-6. Zurich is a seller of insurance products that regularly conducts business in Maryland through its agents and marketing team. *Id.* at ¶ 7.

The Binder And The Zurich Policy

In December 2018, Zurich's insurance agent, Michael Stout, met with plaintiffs to solicit their business and to encourage plaintiffs to purchase an insurance policy from Zurich. *Id.* at ¶¶ 20-22. At the time, plaintiffs were insured through Federated Insurance under a policy that covered, among other things, loss of business income and extra expense, loss of rental income, and loss of business rents. *Id.* at ¶¶ 9, 14, 17.

Plaintiffs allege that, during the December 2018 meeting, Mr. Stout told them that "he could procure a policy of insurance with Zurich that provided insurance coverage that was equal to or better than" their coverage through Federated Insurance. *Id.* at ¶ 23. Plaintiffs also allege that, based on Mr. Stout's representation, they were induced to purchase an insurance policy from Zurich and to discontinue their policy with Federated Insurance. *Id.* at ¶¶ 26-27.

Plaintiffs allege that, on December 21, 2018, Zurich provided them with an insurance proposal (the "Binder"), in which Zurich agreed to provide coverage for, among other things,

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and defendant's motion to dismiss and memorandum in support thereof. ("Def. Mot."; "Def. Mem.").

business income continuation and extra expenses ("BICEE"). *Id.* at ¶¶ 30-32; *see also* Compl. Ex. 3 at 1. The Binder is dated December 21, 2018, and states that this proposal would remain valid for 60 days from that date. Compl. Ex. 3 at 1-2. In addition, the Binder states that the Zurich Policy would be effective from January 1, 2019, to January 1, 2020. *See id.* at 1.

Plaintiffs allege that the terms of the Binder do not match the terms of the Zurich Policy. Compl. at ¶ 39. Specifically, plaintiffs allege that the BICEE coverage limits under the Zurich Policy have been reduced by 80 percent from the coverage amounts stated in the Binder. *Id.* at ¶¶ 36, 40. Although the Zurich Policy states that its effective dates are January 1, 2019, to January 1, 2020, plaintiffs also allege that Zurich did not provide them with a copy of the Zurich Policy until April 10, 2019. *Id.* at ¶¶ 39, 46, 47; *see also* Compl. Ex. 4.

<u>The 2019 Fire Loss And Denial Of Plaintiffs' Claims</u>

On April 9, 2019, a fire occurred at a building leased by plaintiff Sport Real Estate Management. Compl. at ¶ 45. And so, plaintiffs submitted claims for business interruption and lost rent to Zurich under the Zurich Policy. *Id.* at ¶ 48. Plaintiffs allege that Zurich denied their claim for lost rent, because Zurich maintains that the Zurich Policy does not provide coverage for lost rent. *Id.* at ¶ 49. But, plaintiffs disagree with Zurich's interpretation of the policy, and they contend that Mr. Stout stated that lost rent was covered by the Zurich Policy during a meeting with plaintiffs held on December 23, 2019. *Id.* at ¶¶ 52-53.

Plaintiffs also contend that the Zurich Policy applies an "inappropriate" arithmetic calculation for their BICEE claims, which effectively reduces their ability to be compensated for the fire loss. *Id.* at ¶¶ 63-70. In addition, plaintiffs allege that the omission of definitions for the terms "Limit of Insurance" and "Premises" in the Zurich Policy creates certain ambiguities, which allowed Zurich to reduce the value of their claims under the Zurich Policy. *Id.* at ¶¶ 73-91. And so, plaintiffs maintain that Zurich breached the Zurich Policy and made certain material misrepresentations about the coverage under the Zurich Policy. *Id.* at ¶¶ 92-169.

    **B.**    **Procedural Background**

Plaintiffs commenced this action in the Circuit Court for Prince George's County, Maryland on March 8, 2021. *See* Compl. at 1. Zurich removed the case to this Court on May 14, 2021. *See* Notice of Removal, ECF No. 1.

3

On June 4, 2021, Zurich filed a motion to dismiss the complaint for failure to state a claim for which relief can be granted and a memorandum in support thereof, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Def. Mot.; Def. Mem. Plaintiffs filed a response in opposition to Zurich's motion to dismiss on July 9, 2021. Pl. Resp., ECF No. 12. Zurich filed a reply in support of its motion to dismiss on August 6, 2021. Def. Reply, ECF No. 16.

Zurich's motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS

#### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

#### B. Breach Of Contract Claims

In Maryland, the elements of a breach of contract claim include: (1) a contractual obligation and (2) a material breach of that obligation. *Allstate Ins. Co. v. Warns*, No. 11-1846, 2012 WL 681792, at *10 (D. Md. Feb. 29, 2012) (citing *Taylor v. NationsBank*, *N.A.*, 365 Md. 166 (Md. 2001)). And so, plaintiffs must plead that there existed a "contractual obligation,

4

breach, and damages" to state a plausible breach of contract claim. *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, No. 16-3431, 2018 WL 1471682, at *17 (D. Md. Mar. 23, 2018) (citations omitted). Also relevant to this dispute, Maryland courts have interpreted insurance policies in the same manner as any other contract when the rules of law governing the reformation of written agreements are to be applied. *See Am. Cas. Co. of Reading, Pa. v. Ricas*, 179 Md. 627, 634 (Md. 1941). And so, to establish that reformation of an insurance policy is warranted, plaintiffs must show that: (1) a valid agreement exists and (2) by reason of fraud, or mutual mistake on the part of both parties to the agreement, the policy does not conform to the actual agreement of the parties. *See id.*

### C. Negligent Misrepresentation And Negligence Claims

In addition, to state a claim for negligent misrepresentation, plaintiffs must show: (1) the defendant, owing a duty of care to the plaintiffs, negligently asserted a false statement; (2) the defendant intended that his statement would be acted upon by the plaintiffs; (3) the defendant had knowledge that the plaintiffs would probably rely on the statement, which, if erroneous, would cause loss or injury; (4) the plaintiffs justifiably took action in reliance on the statement; and (5) the plaintiffs suffered damage proximately caused by the defendant's negligence. *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 135-36 (Md. 2007); *see also Kiddie Acad. Domestic Franchising, LLC v. Wonder World Learning, LLC*, No. 17-3420, 2020 WL 4338891, at *21 (D. Md. July 27, 2020). In this regard, Maryland courts have recognized that promotional statements cannot support a negligent misrepresentation claim, because such statements are not false statements of material fact. *Kiddie*, 2020 WL 4338891, at *21. Lastly, to state a claim for negligence, plaintiffs must allege: (1) a duty owed to the plaintiffs; (2) a breach of that duty; (3) actual injury or loss; and (4) that the loss proximately resulted from the breach of duty. *See Sadler v. Loomis Co.*, 139 Md. App. 374, 396 (Md. Ct. Spec. App. 2001).

### IV. ANALYSIS

Zurich seeks the dismissal of this case for six reasons, namely: (1) Counts III and VIII of the complaint should be dismissed, because Mr. Stout's statement that the Zurich Policy would be "equal to or better than" plaintiffs' prior policy is not a misrepresentation of fact; (2) Counts II and VII of the complaint should also be dismissed, because the Zurich Policy supersedes the Binder; (3) Count IV of the complaint should be dismissed, because plaintiffs fail to allege fraud

5

or a mutual mistake of fact to warrant reformation of the Zurich Policy; (4) Counts V and IX of the complaint should be dismissed, because plaintiffs fail to state plausible claims for breach of duty to procure insurance and for negligence; (5) Count I of the complaint should be dismissed, because plaintiffs fail to adequately plead a material breach of the Zurich Policy's BICEE coverage provision; and (6) Count VI of the complaint should be dismissed, because the Zurich Policy does not afford coverage for lost rent. Def. Mem. at 3-19.

Plaintiffs counter that the complaint contains sufficient factual allegations to state a negligent misrepresentation claim. Pl. Resp. at 14-21. Plaintiffs also argue that they allege plausible breach of contract claims based upon the Binder, because the Binder provides coverage during the period January 1, 2019, until "the date the policy was later prepared, issued and delivered after the loss." *Id*. at 21-25. Plaintiffs further argue that the complaint contains sufficient factual allegations to state a reformation claim due to mutual mistake and fraud. *Id*. at 25-28. Lastly, plaintiffs argue that the complaint contains sufficient factual allegations to state claims for breach of a duty to procure insurance, negligence, and breach of contract relating to their business interruption and lost rent claims. *Id*. at 28-32. And so, they request that the Court deny Zurich's motion to dismiss. *Id.* at 33.

For the reasons that follow, plaintiffs fail to state plausible claims for negligent misrepresentation in Counts III and VIII of the complaint and for breach of the Binder in Counts II and VII of the complaint. Plaintiffs also fail to state plausible claims for reformation in Count IV of the complaint and for breach of contract related to their lost rent claim in Count VI of the complaint. Plaintiffs have, however, alleged plausible claims in Count I of the complaint related to the alleged breach of the Zurich Policy's BICEE coverage provision and for negligence and breach of a duty to procure insurance in Counts V and IX of the complaint. And so, the Court **GRANTS-in-PART** and **DENIES-in-PART** Zurich's motion to dismiss.

### A. Plaintiffs Fail To State Plausible Negligent Misrepresentation Claims

As an initial matter, plaintiffs fail to state plausible claims for negligent misrepresentation based upon Mr. Stout's statement that the Zurich Policy would be "equal to or better than" plaintiffs' prior insurance policy. To state a claim for negligent misrepresentation, plaintiffs must show that: (1) the defendant, owing a duty of care to the plaintiffs, negligently asserted a false statement; (2) the defendant intended that his statement would be acted upon by the

6

plaintiffs; (3) the defendant had knowledge that the plaintiffs would probably rely on the statement, which, if erroneous, would cause loss or injury; (4) plaintiffs justifiably took action in reliance on the statement; and (5) plaintiffs suffered damage proximately caused by the defendant's negligence.  *Lloyd*, 397 Md. at 135-36; *see also Kiddie*, 2020 WL 4338891, at *21.  And so, plaintiffs must establish that, among other things, Mr. Stout made a false statement of material fact to allege a plausible negligent misrepresentation claim in this case.  *Kiddie*, 2020 WL 4338891, at *21; *see also All Med. Pers,, Inc. v. Ameritox, LLC*, No. 18-1527, 2018 WL 5810866, at *2 (D. Md. Nov. 6, 2018) (applying Maryland law and holding that "[i]t is axiomatic that a claim for negligent misrepresentation requires a false statement of material fact").

In this regard, Maryland Courts have recognized that promotional statements cannot support a negligent misrepresentation claim, because such statements are not false statements of material fact.  *See Kiddie*, 2020 WL 4338891, at *21.  In addition, this Court has recognized that "Maryland law distinguishes between statements that relate to material facts—which may give rise to cognizable negligent misrepresentation claims—and vague generalities, statements of opinion, or puffery—which are deemed non-cognizable."  *Kiddie*, 2020 WL 4338891, at *21 (quoting *Baney Corp. v. Agilysis NV, LLC*, 773 F. Supp. 2d 593, 608 (D. Md. 2011)).

Plaintiffs may not rely upon the purported statement of Mr. Stout during the December 2018 meeting to support their negligent misrepresentation claims.  In the complaint, plaintiffs rely upon Mr. Stout's alleged statement that he could "procure a policy of insurance with Zurich that provided insurance coverage that was equal to or better than [their prior insurance,]" to support their claims that Zurich misrepresented that the Zurich Policy would:  (1) provide coverage equal to or better than their prior insurance policy; (2) provide coverage for lost rent; and (3) provide BICEE coverage at a blanket coverage of $1,025,836 per month for 12 months.  Compl. at ¶¶ 20-29; 52, 53, 146, 151, 153, 111; Compl. Ex. 3 at 1; Pl. Resp. at 13-14.  The Court agrees with Zurich that Mr. Stout's alleged statement is akin to puffery or sales talk, and that this statement cannot support plaintiffs' claims for negligent misrepresentation.  Def. Mem. at 5; *see also Kiddie*, 2020 WL 4338891, at *21 (holding that plaintiff's statement that its curriculum was "as good or better than its best competitor" was puffery).

Plaintiffs' argument that Mr. Stout's statement is a statement of fact, because he reviewed certain documents related to their prior insurance policy is also unavailing.  Pl. Resp. at 19.

7

Plaintiffs do not allege that Mr. Stout made any specific representations about the terms of the Zurich Policy during the December 2018 meeting. Compl. at ¶¶ 20-29. Nor do they allege any facts to show that Mr. Stout reviewed the terms of the Zurich Policy, or plaintiff's prior insurance policy with Federated Insurance, during this meeting. *See generally id*. Given this, the Court cannot conclude that plaintiffs could have reasonably relied upon Mr. Stout's purported statement that the Zurich Policy would be "equal to or better than" their prior insurance in deciding to purchase the Zurich Policy. And so, the Court must DISMISS Counts III and VIII of the complaint.[2] Fed. R. Civ. P. 12(b)(6); *see also Baney Corp*., 773 F. Supp. 2d at 609 (statements that property management system was "easy to use" and was "perfect for a multi-property environment" were not statements of fact); *Steigerwald v. Bradley*, 136 F. Supp. 2d 460, 469-70 (D. Md. 2001) (loan officer's statements that the defendant was one of the bank's "biggest and best customers" was puffery).

      **B.**    **Plaintiffs' Claims Related To The Binder Are Not Plausible**

The Court must also dismiss plaintiffs' breach of contract claims related to the Binder set forth in Counts II and VII of the complaint. There can be no genuine dispute that the terms of the Binder have been superseded by the Zurich Policy. In fact, plaintiffs do not dispute that Zurich issued the Zurich Policy after they received the Binder, and that the Binder states that the Zurich Policy would be effective beginning on January 1, 2019. Compl. at ¶ 36; Compl. Ex. 3 at 1. Under Maryland law, an insurance binder "is no longer valid after the policy as to which it was given is issued." Md. Code Ann., Ins. § 12-106. Given this, the Binder could not have been in effect on April 9, 2019, when the fire occurred at plaintiffs' property. And so, the Court must also DISMISS Counts II and VII of the complaint.[3]

---

[2] Plaintiffs identify no other statement by Zurich to support their negligent misrepresentation claims. *See generally* Compl.

[3] Plaintiffs' argument that the Binder was in effect until Zurich delivered the Policy on April 10, 2019, is misguided, because this Court has held that the delivery of a written insurance policy is not necessary to make the policy a binding agreement. *See Rutherford v. Nationwide Affinity Ins*. Co., 424 F. Supp. 3d 393, 397 (D. Md. 2019). The Court also observes that the Binder states that it is valid for only 60 days from the date created. *See* Compl. Ex. 3 at 1-2.

### C. Plaintiffs Fail To State Plausible Reformation And Breach Of Contract Claims Based Upon Lost Rent

Plaintiffs' reformation claim in Count IV of the complaint and breach of contract claim related to lost rent in Count VI of the complaint are also problematic. Plaintiffs do not allege any facts in the complaint to show either a mutual mistake of fact, or fraud, to warrant reformation of the Zurich Policy. *See, e.g.*, *Am. Emp'rs. Ins. Co. v. St. Paul Fire & Marine Ins. Co*., 594 F.2d 973, 977 (4th Cir. 1979) (holding that, when both parties to a contract "have an identical intention as to the terms to be embodied in [the written contract] and a writing executed by them is materially at variance with that intention . . . the writing shall be reformed so that it shall express the intention of the parties.") (citation omitted); *see also Ricas*, 179 Md. at 634 (courts in Maryland interpret insurance policies no differently from any other contract when the rules of law governing the reformation of written agreements are to be applied).[4] Plaintiffs similarly fail to plausibly allege a breach of contract claim based upon Zurich's alleged failure to pay lost rent in Count VI of the complaint, because they do not identify any language in the Zurich Policy to show that Zurich had an obligation to pay lost rent. Def. Mem. at 19; *see generally* Compl.; Pl. Resp. In addition, as discussed above, plaintiffs' reliance upon the Binder to support this breach of contract claim is misplaced, because the terms of the Zurich Policy supersede the Binder. *See* Md. Code Ann., Ins. § 12-106. And so, the Court must also DISMISS Counts IV and VI of the complaint.

### D. Plaintiffs Plausibly Allege Negligence And Duty To Procure Claims And A Breach Of Contract Claim Related To BICEE

Plaintiffs' negligence and breach of duty to procure insurance claims, and their breach of contract claim based upon the BICEE coverage provision, are on stronger footing. First, a careful reading of the complaint makes clear that plaintiffs allege plausible negligence claims related to lost rent and Zurich's duty to procure insurance in Counts IX and V of the complaint. To state a negligence claim, plaintiffs must allege facts to show: (1) a duty owed to plaintiffs; (2) a breach of that duty; (3) actual injury or loss; and (4) that the loss proximately resulted from

---

[4] Plaintiffs allege that Zurich "arbitrarily reduced [the BICEE] limit to 20% of the stated amount." Compl. at ¶ 40. But, they allege no facts to show that Zurich's adjustment of the BICEE limit was due to either mutual mistake or fraud. *See generally id.*

9

defendant's breach of the duty. *See Sadler*, 139 Md. App. at 396. And so, plaintiffs may bring a plausible claim for negligence against Zurich by alleging that Zurich owed them a duty of care; that this duty was breached; and that the breach was the proximate cause of their injury. *Popham v. State Farm Mut. Ins. Co*., 333 Md. 136, 153-54 (Md. 1993).

Here, the complaint contains sufficient factual allegations to show that Zurich, through its agents, owed plaintiffs a duty to procure the kind of insurance that Zurich represented it would provide. Compl. at ¶ 133 (alleging that Zurich and its agents owed a duty to plaintiffs to procure insurance and represented that it would do so); *see also id*. at ¶ 134 (alleging that Zurich and Stout had a duty to exercise the reasonable skill and ordinary diligence expected from a person in their profession in doing what is necessary to effect a policy or binder that meets the representations of coverage made and in seeing that a policy effectually covers the property to be insured). The complaint also contains factual allegations to show that Zurich breached this duty, by failing to pay the full amount of plaintiffs' BICEE claim and by failing to pay plaintiffs' claim for lost rent. *See id.* at ¶¶ 94-96, 164-69 (alleging that Zurich has failed to pay a portion of plaintiffs' $8,004,733 BICEE claim and has failed to pay any of plaintiffs' $627,290 lost rent claim); *see also id*. at ¶ 53 (alleging that Mr. Stout, on behalf of Zurich, "confirmed twice" that "loss of rents was expressly covered by the [Policy]"). In addition, plaintiffs allege in the complaint that Zurich's purported breach proximately caused their injury. *Id.* at ¶¶ 135-36, 166-68 (alleging that Zurich's breach proximately caused plaintiffs to incur compensatory damages of $627,290 as to the lost rent claim). And so, the Court declines to dismiss these claims.

Plaintiffs similarly allege a plausible breach of contract claim based upon the Zurich Policy's BICEE coverage provision in Count I of the complaint. As discussed above, to state a plausible breach of contract claim, plaintiffs must plead facts to show a "contractual obligation, breach, and damages." *Class Produce Grp., LLC*, 2018 WL 1471682, at *8 (citation omitted). Plaintiffs have done so here. In the complaint, plaintiffs establish the existence of a contractual obligation and breach of that obligation, by alleging that Zurich had an obligation to pay their BICEE claim under the Zurich Policy and that Zurich failed to pay their BICEE loss. Compl. at ¶¶ 95-98. Plaintiffs also allege that they have incurred damages in the amount of $7,594,967 due to Zurich's alleged breach. *Id*. at ¶ 99. And so, the Court will not dismiss plaintiffs' negligence,

breach of duty to procure insurance, and breach of contract claim with regard to BICEE coverage.[5]

## V. CONCLUSION

In sum, plaintiffs fail to state plausible claims for negligent misrepresentation in Counts III and VIII of the complaint and for breach of the Binder in Counts II and VII of the complaint. Plaintiffs also fail to state plausible claims for reformation in Count IV of the complaint and for breach of contract related to their lost rent claim in Count VI of the complaint. Plaintiffs do, however, state plausible claims for negligence, breach of duty to procure insurance, and for breach of the Zurich Policy's BICEE coverage provision in Counts V, IX and I of the complaint. And so, for the foregoing reasons, the Court:

1. **GRANTS-in-PART and DENIES-in-PART** Zuirch's motion to dismiss; and

2. **DISMISSES** Counts II, III, IV, VI, VII, and VIII of the complaint.

Zurich shall **ANSWER**, or otherwise respond to, Counts I, V, and IX of the complaint, **on or before March 11, 2022**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[5] Zurich correctly states that plaintiffs do not indicate whether they occupied all or only a portion of the buildings listed in the BICEE Supplemental Schedule for the Zurich Policy, or whether their loss included damage to personal property in the open or in a vehicle in the complaint. Def. Mem. at 18. But, plaintiffs need not do so to state a plausible breach of contract claim. Fed. R. Civ. P. 12(b)(6).

11